UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JIMMY TODD KIRKSEY, | ) |
| Petitioner, | ) 2:97-CV-0333-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| E.K. McDANIEL, *et al.*, | ) |
| Respondents. | ) |

On May 10, 2010, this court granted petitioner Kirksey's unopposed motion to vacate the stay and reopen proceedings in this habeas case brought under 28 U.S.C. § 2254.[1] Docket #173. On July 19, 2010, Kirksey filed his fourth amended petition for writ of habeas corpus. Docket #177. Having been directed by the court to respond to the petition, the respondents filed, on September 30, 2010, a motion entitled "Motion to Dismiss Petition for Writ of Habeas Corpus, or Alternatively to Hold Proceedings in Abeyance Pending Resentencing of Petitioner." Docket #182. On November 10, 2010, Kirksey filed an opposition to that motion and his own motion for an evidentiary hearing. Docket ## 186/187. With this order, the court decides both motions.

1. *Motion to dismiss or hold in abeyance*

In asking the court to either dismiss this action or hold it in abeyance, respondents argue that,

---

[1] The case had been stayed, pursuant to a stipulation, since May 6, 2003, to allow Kirksey to litigate claims in state court. Docket #145.

1  because Kirksey's death sentence has been set aside by the state court pursuant to *Atkins v. Virginia*,
2  536 U.S. 304 (2002), any further habeas proceedings in this court must await resentencing.
3  Respondents cite no legal authority in support of their motion, but this court is abundantly aware of
4  "the general rule that a petitioner must await the outcome of the state proceedings before
5  commencing his federal habeas corpus action." *Edelbacher v. Calderon*, 160 F.3d 582, 583 (9th Cir.
6  1998). Nonetheless, Kirksey makes a convincing argument that the holding in *Phillips v. Vasquez*,
7  56 F.3d 1030 (9th Cir. 1995), not *Edelbacher*, controls this case.

8        In *Phillips*, the court of appeals held that a capital habeas petitioner could pursue federal
9  habeas relief on exhausted claims challenging his conviction even though proceedings regarding his
10 sentence had yet to be concluded in state court. 56 F.3d at 1037-38. Among the overriding factors
11 in *Phillips* were that (1) the guilt phase of the petitioner's case was undisputedly final in state court
12 and federal proceedings on his guilt phase claims would not impact state court proceedings and (2)
13 with a fifteen year delay and no end in sight in reaching finality as to the petitioner's sentence, his
14 "right to reasonably prompt constitutional scrutiny of his conviction outweigh[ed] any prudential
15 concerns that might exist." *Id*. at 1033-36.

16       Here, like the petitioner in *Phillips* and in *Edelbacher*, Kirksey has exhausted his remedies in
17 state court with respect to the issue of guilt. In one respect, this case is more like *Edelbacher* than
18 *Phillips* in that Kirksey has yet to be resentenced in the state trial court. That fact mattered to the
19 court in *Edelbacher*, however, only because the court was unable to classify the case as either
20 "capital" or "non-capital." 160 F.3d at 585. Here, the state court's determination that Kirksey is
21 mentally retarded for the purposes of *Atkins* and Nev. Rev. Stat. 175.554(5)[2] means that Kirksey will

---

[2]    Nev. Rev. Stat. 175.554(5) was promulgated pursuant to *Atkins* and provides as follows:

> If a sentence of death is imposed and a prior determination regarding mental retardation has not been made pursuant to NRS 174.098, the defendant may file a motion to set aside the penalty on the grounds that the defendant is mentally retarded. If such a motion is filed, the court shall conduct a hearing on that issue in the manner set forth in NRS 174.098. If the court determines pursuant to such a hearing that the defendant is mentally retarded, it shall set aside the sentence of death and order a new penalty hearing to be conducted. Either party may appeal such a determination to the Supreme

not be sentenced to death in a future penalty proceeding. Thus, for all relevant purposes, this is now a "non-capital" case.

Otherwise, the "unusual circumstances" of this case are akin *Phillips* in the sense that any concern that this court's adjudication of Kirksey's pending federal petition will infringe on state court proceedings is outweighed by the need to vindicate his right to prompt federal habeas review. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971) (explaining that the federal judiciary, "anxious though it may be to vindicate and protect federal rights and federal interests," must "do so in ways that will not unduly interfere with the legitimate activities of the States"). Kirksey was convicted 21 years ago. All of the claims in his current federal petition challenge only his conviction, not his sentence. The respondents, in their motion, mention "on-going" state court proceedings, but provide no information as to the status of those proceedings (e.g., whether or when a new penalty hearing is scheduled to take place). Moreover, with the death penalty no longer an option, the outcome of that proceeding is not likely to result in unwieldy piecemeal litigation.[3] *See Phillips*, 56 F.3d at 1036.

In addition, despite having the opportunity to oppose Kirksey's motion to vacate the stay, the respondents stood silent. Instead, they waited several months after proceedings had resumed in this court before filing their motion to dismiss or hold in abeyance. Respondents have also not bothered to reply to Kirksey's opposition to their current motion, in which Kirksey makes his arguments under *Phillips*.

Based on the foregoing, respondents' "Motion to Dismiss Petition for Writ of Habeas Corpus, or Alternatively to Hold Proceedings in Abeyance Pending Resentencing of Petitioner" (docket #182) shall be denied.

2. *Motion for evidentiary hearing*

The scheduling order governing this case, while somewhat ambiguous, contemplates that the

---

Court pursuant to NRS 177.015.

[3] Under Nevada law, the only possible sentences for Kirksey at this point are life with the possibility of parole or life without the possibility of parole. Nev. Rev. Stat. 175.552(4).

petitioner may request an evidentiary hearing on issues raised in a motion to dismiss, as well as in support of the substantive merit of his habeas claims. Docket #181, p. 2. With his motion, Kirksey seeks a hearing falling into the latter category. Because respondents have yet to file an answer, the motion is premature. *See* Rule 8(a), Rules Governing Habeas Corpus Cases Under Section 2254 (providing that the court must review the answer and other specified materials to determine whether an evidentiary hearing is warranted). Thus, the motion shall be denied without prejudice.

**IT IS THEREFORE ORDERED** that respondents' "Motion to Dismiss Petition for Writ of Habeas Corpus, or Alternatively to Hold Proceedings in Abeyance Pending Resentencing of Petitioner" (docket #182) is DENIED. Respondents shall have 60 (sixty) days from the date this order is entered within which to file and serve an answer to petitioner's amended petition for writ of habeas corpus (docket #177).

**IT IS FURTHER ORDERED** that petitioner's motion for evidentiary hearing (docket #187) is DENIED without prejudice to petitioner bringing such motion concurrently with, but separate from, his reply to respondents' answer.

**IT IS FURTHER ORDERED** that, in all other respects, the scheduling of this matter is governed by the scheduling order entered on July 20, 2010 (docket #181).

DATED this 23rd day of December, 2010.

Gloria M. Navarro
United States District Judge