UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JIMMY TODD KIRKSEY, | ) | |
| Petitioner, | ) | 2:97-CV-0333-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| RENEE BAKER,[1] *et al.*, | ) | |
| Respondents. | ) | |

On June 20, 2011, respondents filed a motion entitled "Motion to Dismiss Certain Claims Contained Within Petitioner's Fourth Amended Petition For Writ of Habeas," in which they argue that numerous claims in petitioner's fourth amended petition for writ of habeas corpus (Docket #177) should be dismissed on the grounds of procedural default, untimeliness, and mootness. Docket #193. Petitioner has filed a motion to strike respondents' motion, arguing that the court had ordered respondents to file an answer under Rule 5 of the Rules Governing Section 2254 Cases (Habeas Rules) and that the filing of a second motion to dismiss is purely dilatory. Docket #196. For reasons that follow, the motion to strike shall be denied.

The scheduling order entered on July 20, 2010, directed the respondents to file "an answer or other response" to Kirksey's his fourth amended petition for writ of habeas corpus on or before

---

[1]  Renee Baker is substituted for her predecessor, E.K. McDaniel, as Warden of Ely State Prison. Fed. R. Civ. P. 25(d).

September 30, 2010 . Docket #181. On that date, the respondents filed a motion entitled "Motion to Dismiss Petition for Writ of Habeas Corpus, or Alternatively to Hold Proceedings in Abeyance Pending Resentencing of Petitioner." Docket #182. On December 23, 2010, the court denied respondents' motion and ordered them to file "an answer" to the fourth amended petition within sixty days. Docket #188.

As a technical matter, the petitioner is correct that the December 23 order contemplated the filing of an answer, rather than another motion to dismiss. As a practical matter, however, the court sees little benefit to requiring the parties to brief the merits of claims that may be subject to dismissal on procedural grounds. And, while they should have been raised in respondents' initial response to the petition, the procedural arguments contained in respondents' pending motion to dismiss do not appear to be frivolous or imposed for purposes of delay. Accordingly, the court shall exercise its discretion to address procedural defenses before requiring respondents to file an answer. *See* Habeas Rule 4 and accompanying Advisory Committee Notes.

**IT IS THEREFORE ORDERED** that petitioner's motion to strike (docket #196) is DENIED. Petitioner shall have **30 (thirty) days** from the date this order is entered within which to file and serve a response to respondents motion to dismiss (docket #193).

**IT IS FURTHER ORDERED** that, in all other respects, the scheduling of this matter is governed by the scheduling order entered on July 20, 2010 (docket #181).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall substitute Renee Baker for E.K. McDaniel, on the docket, as the respondent warden in this action, and shall update the caption of the action to reflect this change.

DATED this 11th day of October, 2011.

_____
Gloria M. Navarro
United States District Judge