UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JIMMY TODD KIRKSEY, | ) | |
| Petitioner, | ) | 2:97-CV-0333-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) | |
| Respondents. | ) | |
| | ) / | |

In this habeas corpus case under 28 U.S.C. § 2254, petitioner Kirksey has moved for the court's reconsideration of its March 26, 2012, order (ECF No. 208), which granted in part and denied in part respondents' "Motion to Dismiss Certain Claims Contained Within Petitioner's Fourth Amended Petition For Writ of Habeas Corpus" (ECF No. 193). ECF No. 209. Specifically, Kirksey challenges this court's determination that his judicial bias claim (i.e., Claim Two of his fourth amended petition) and related ineffective assistance of counsel claim (i.e., Claim Three(E)) are procedurally defaulted and that the former claim is also time-barred.

In rejecting Kirksey's argument that he can show cause sufficient to overcome the procedural default of his judicial bias claim, this court determined that, despite Kirksey's claims to the contrary, the factual basis for the claim, in particular, circumstances surrounding the preparation of a report regarding Kirksey's competence to stand trial, was available to Kirksey at the time of his first state

post-conviction proceeding.[1]  See ECF No. 208, p. 9.  With his motion for reconsideration, Kirksey argues that the U.S. Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), "now allows him to demonstrate cause and prejudice based on post-conviction counsel's ineffectiveness to overcome the very defaults that this Court imposed."[2]  ECF No. 209, p. 4.  He also suggests that this court's determination regarding the availability of the facts supporting the underlying judicial bias claims supports his contention that his initial post-conviction counsel was ineffective.

       In *Martinez*, the Court held that, in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial, ineffective assistance of post-conviction counsel in that proceeding may establish cause for a prisoner's procedural default of such a claim.  *Martinez*, 132 S. Ct. at 1315.  While Kirksey did not assert, in his initial opposition to the State's motion to dismiss, that his defaults should be excused due to ineffective assistance of post-conviction counsel, he argues that *Martinez* constitutes "intervening and controlling authority" that "allows him to demonstrate cause and prejudice" to overcome the defaults of Claims Two and Three(E).  ECF No. 202, p. 4.  For the reasons that follow, Kirksey's argument is without merit.

       The Court in *Martinez* stressed that its holding was a "narrow exception" to the rule in *Coleman v. Thompson*, 501 U.S. 722 (1991)  that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default."  *Martinez*, 132

---

[1] In his motion for reconsideration, Kirksey accuses the court of conjuring an "active concealment" requirement as part of the cause analysis. See ECF No. 209, p. 3. The analysis to which Kirksey refers, however, was conducted in relation to Claim Thirteen, not Claim Two or Three(E). See ECF No. 208, p. 3. Moreover, Kirksey's contention that the court's analysis lacked supporting authority is not accurate. *See Harbison v. Bell*, 408 F.3d 823, 833 (6th Cir.2005) (holding that "prosecutorial concealment and misrepresentation" was key to the holding in *Banks v. Dretke*, 540 U.S. 668 (2004) and rejecting petitioner's argument that the prosecution's withholding of documents alone, i.e., without prosecutorial misconduct, demonstrates cause).

[2] The Supreme Court issued *Martinez* on March 20, 2012, after the parties had fully briefed the State's motion to dismiss.

S.Ct. at 1315.  It is clear from the opinion that the exception does not extend beyond ineffective assistance of trial claims.  *See id.* at 1320.  Thus, *Martinez* does not apply to Claim Two, which is primarily a due process claim based on alleged judicial bias.

As for Claim Three(E), the claim is only partially based on trial counsel's alleged failure to challenge the judicial conduct underlying Kirksey's judicial bias claim.  More to the point, Kirksey has failed to show, in seeking reconsideration, that post-conviction counsel's failure to raise the claim in his initial collateral proceeding constituted ineffective assistance of counsel under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Martinez*, 132 S.Ct. at 1322.

The Ninth Circuit has noted that, "*Martinez* made clear that a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under *Strickland*, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice."  *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012).  Under *Strickland*, a petitioner must show that his counsel's performance was both unreasonably deficient and that the defense was actually prejudiced as a result of counsel's errors.  *Strickland*, 466 U.S. at 684.

There is a strong presumption that an attorney performed within the wide range of professional competence, and the attorney's performance will be deemed to have been deficient only if it fell below an objective standard of reasonableness measured under prevailing professional norms.  *Id*. at 689, 694.  To prove prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's unreasonable errors, the result of the proceeding would have been different.  *Id*. at 694.  "There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way."  *Strickland*, 466 U .S. at 689.  As a result, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom."  *Harrington v. Richter*, 131 S.Ct. 770, 778 (2011) (internal quotations and citation omitted).

The application of the *Strickland* test in this instance means that Kirksey is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for her errors, there is a reasonable probability that Kirksey would have received relief on a claim of ineffective assistance of trial counsel in state court. He has not carried this burden.

As set forth in his federal habeas petition, Claim Three(E) alleges ineffective assistance of trial counsel because trial counsel "committed numerous errors of omission and commission, including the failure to object to egregious errors in the trial court proceedings, which are described in detail throughout this petition." ECF No. 177, p. 53. The focus of Kirksey's motion for reconsideration, however, is his claim that trial counsel was ineffective for not delving into the facts underlying his judicial bias claim. According to Kirksey, this court has already made findings that establish post-conviction counsel's ineffectiveness, those being that the trial court judge engaged in fraud in relation to the aforementioned competency report and that such fraud that should have been apparent to defense counsel. See ECF No. 209, p. 4-5.

In reality, the court is not remotely convinced, based on Kirksey's proffered evidence, that the trial court judge misrepresented or concealed any facts bearing on the production of the report. See ECF No. 208, p. 8-9. Kirksey's argument misconstrues the court's relevant conclusion, which is that the irregularities that Kirksey points to as evidence of judicial bias were as apparent in June of 1989 (when the report was first issued) as they were in March of 2003 (when Kirksey finally presented the relevant allegations to the state court).

The most sinister interpretation of the evidence submitted by Kirksey is that the competency report[3] was prepared by the trial judge for Dr. Master's (the mental health expert's) signature. Kirksey has not rebutted state court findings that the report reflected Dr. Master's opinion at the time

---

[3] As noted in the court's March 26 order, the "report" consists of one paragraph, stating, without any elaboration whatsoever, that Kirksey is competent to assist his counsel, understands the significance of the act for which he is charged, understands the difference between right and wrong, and knows the meaning of his *Miranda* rights and the significance of waiving them. ECF No. 178-3, p. 118.

and that the signature on the document is his.  ECF No. 180-4, p. 136; ECF No. 180-5, p. 262, 264.  The Nevada Supreme Court has already determined that such circumstances, even when added to Kirksey's additional allegations of impartiality, do not give rise to a meritorious judicial bias claim under state or federal law.  ECF No. Document 180-5, p.263-35.  This court agrees with the state supreme court's analysis.

Kirksey has not demonstrated that, had *initial* post-conviction counsel raised the claim, there is a reasonable probability that he would have obtained relief.  Because he has not shown that initial post-conviction counsel was ineffective under *Strickland*, he has not shown cause to excuse his procedural default, and therefore, has not shown that this court must reconsider its decision in light of *Martinez*.[4]

Finally, the court stands by its determination that Claim Two does not relate back to Kirksey's initial petition and is, therefore, time-barred.  In addition, for the same reasons the narrow holding in *Martinez* does not provide cause for Kirksey's procedural default of Claim Two, it does not provide grounds for equitable tolling.  *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010) (holding that petitioner is entitled to equitable tolling only if he can show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing).

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 209) is DENIED.

\\\

\\\

\\\

\\\

---

[4] Because *Martinez* imposes the requirements in the conjunctive, this court need not reach the question of whether the underlying claim of ineffective assistance of trial counsel is "substantial." *See Martinez*, 132 S.Ct. at 1318; *see also Sexton*, 679 F.3d at 1159.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from the date on which this order is entered within which to file their answer to petitioner's remaining claims. In all other respects, the scheduling of this matter is governed by the order entered on July 20, 2010 (ECF No. 181).

DATED this 9th day of July, 2012.

_____
Gloria M. Navarro
United States District Judge